| | |
|---|---|
| DISTRICT COURT,<br>DENVER COUNTY, COLORADO<br>1437 Bannock Street<br>Denver, CO 80202<br><br>**PLAINTIFF:** TRACY LABOY, on behalf of herself and all others similarly situated<br><br>v.<br><br>**DEFENDANT:** BANNER HEALTH | DATE FILED<br>August 11, 2025 1:07 PM<br>FILING ID: 3DF88AE6BB14B<br>CASE NUMBER: 2025CV32862<br><br><br><br>Δ   COURT USE ONLY   Δ |
| Attorneys for Plaintiff:<br><br>Brian Denlinger, Atty. Reg. # 44966<br>Craig J. Ackermann (to be admitted *pro hac vice*)<br>Avi Kreitenberg (to be admitted *pro hac vice*)<br>ACKERMANN & TILAJEF, P.C.<br>2602 North Proctor Street, Suite 205<br>Tacoma, Washington 98406<br>Telephone: (253) 625-7720<br>bd@ackermanntilajef.com<br>cja@ackermanntilajef.com<br>ak@ackermanntilajef.com<br><br>Alexander Hood, Atty. Reg. # 42775<br>HOOD LAW OFFICE, PLLC<br>1312 17th St, #1028<br>Denver, CO 80202<br>Telephone: (720) 381-4142<br>alex@hoodlawpllc.com | Case Number: |
| **CLASS ACTION COMPLAINT** | |

Plaintiff Tracy Laboy ("Plaintiff") by and through her undersigned counsel, on behalf of herself and all others similarly situated, files this Class Action Complaint against Defendant Banner Health ("Defendant" or "Banner").

**STATEMENT OF THE CASE**

1. The Colorado Wage Claim Act, C.R.S. § 8-4-101, *et seq.* (the "Wage Claim Act") and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.*, as implemented by the Colorado Minimum Wage Order and/or the Colorado Overtime and Minimum Pay Standards Order (the

"Minimum Wage Act"), contain various rules regarding employee wages and working hours. Defendant violated these laws by failing to ensure that employees received all required meal and rest breaks during their shifts and all pay for missed and recorded meal breaks and missed rest breaks during their shifts. This class action seeks to recover damages and backpay to compensate current and former hourly employees of Defendant for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff, an individual and resident and citizen of the State of Colorado, was employed by Defendant.

3. Defendant is a Foreign Nonprofit Corporation that is located in and does business in the State of Colorado.

4. Venue in this Court is proper pursuant to C.R.C.P. 98 because Defendant is a foreign entity operating in Colorado. Defendant owns and operates hospitals and clinics in Colorado.

5. This Court has jurisdiction over the parties and subject matter of this action pursuant to C.R.S. § 13-1-124 and the Colorado Constitution.

## FACTUAL BACKGROUND

6. Defendant owns and operates a network of hospitals and clinics in Colorado, including Banner North Colorado Medical Center in Greeley, Colorado.

7. Plaintiff was employed by Defendant from approximately November 2022 to December 2023 as a Registered Charge Nurse paid on an hourly basis at Defendant's Banner North Colorado Medical Center hospital in Greeley, Colorado. Plaintiff worked three days per week and twelve hours per shift and sometimes worked overtime hours for Defendant.

8. Defendant employed Plaintiff and those similarly situated.

9. The Colorado Overtime and Minimum Pay Standards Order requires that employees be provided ten-minute rest periods in the middle of each four-hour work period or "major fraction thereof." 7 Colo. Code Regs. § 1103-1-5.2. Defendant failed to provide Plaintiff and other non-exempt employees all of their required ten-minute breaks. Each time Defendant failed to provide a legally required ten-minute rest break, Plaintiff and other non-exempt employees effectively were docked ten-minutes of work time for purposes of calculating their hourly wages. In other words, for each missed rest break, Defendant owes Plaintiff and other non-exempt employees additional straight-time, minimum wage, and/or overtime pay for ten-minutes of unpaid working time.

10. In addition, Defendant's timekeeping system only requires that Plaintiff and Class Members clock in and out for their shifts and not for their unpaid thirty-minute meal breaks.

Instead, Defendant utilized a meal break auto-deduction which automatically deducted thirty-minutes of pay from Plaintiff's and Class Members' shifts on the assumption that all thirty-minute meal breaks were taken. In the event Plaintiff and Class Members missed a meal break, upon clocking out for shifts, Plaintiff and Class Members could attest to missing a meal break in Defendant's timekeeping system, by recording their meal break as missed. When Plaintiff or Class Members record or recorded a thirty-minute meal break as missed in Defendant's timekeeping system, the effect was a reversal of Defendant's auto-deduction and the employee being paid for their actual working time during their missed, recorded thirty-minute meal break.

11. Colorado employees are "entitled" to an uninterrupted and duty-free thirty-minute meal break whenever a work shift exceeds five hours. 7 Colo. Code Regs. § 1103-5.1. These meal breaks must be treated as paid worktime unless the employer satisfies certain strict statutory requirements. Plaintiff and other non-exempt employees did not receive all required meal breaks. Each time Defendant failed to provide a legally compliant thirty-minute meal break, and where Plaintiff and other non-exempt employees recorded a meal break as missed in Defendant's timekeeping system, Plaintiff and other non-exempt employees effectively were stripped of the right to have the respite of a 30-minute meal break and should have been granted a meaningful remedy distinct from their right to be compensated for their hours worked. In other words, for each missed, recorded meal break, Defendant owes Plaintiff and other non-exempt employees not just the thirty minutes of pay for their actual time worked during the missed thirty-minute meal break, but also additional straight time, minimum wage, and/or overtime pay for thirty-minutes for the deprivation of a right to have such a thirty-minute respite.

12. In a similar case in Washington State where a hospital utilized a thirty-minute meal break auto-deduction in their timekeeping system that provided employees with a mechanism to record missed thirty-minute meal breaks and receive pay for their time worked during thirty-minute meal breaks, the Washington Court of Appeals determined the remedy for the deprivation of the right to a thirty-minute meal break as being worth thirty-minutes of wages (in addition to wages owed for working time during the thirty-minute meal break). *See Androckitis v. Virginia Mason Medical Center*, 2023 Wash. App. LEXIS 1982, at *11-12 (Wash. Ct. App. Sept. 30, 2024) (holding that "the Industrial Welfare Act regulation granted employees covered by that act a right to have the respite of a 30-minute meal period and granted them a meaningful remedy distinct from their right to be compensated for their hours worked" and concluding that "the trial court's determination to measure the remedy for the deprivation of that right as being worth 30 minutes of wages is an appropriate measure of damages for such a deprivation."). The Washington Supreme Court denied review of *Androckitis* on February 7, 2025. *See Androckitis v. Va. Mason Med. Ctr.*, 2025 Wash. LEXIS 66 (Feb. 7, 2025).

13. By failing to provide all required meal breaks and rest breaks to its non-exempt employees, Defendant violated the Wage Claim and Minimum Wage Acts. Defendant had no legal justification for its failure to comply and, by failing to properly pay for the break time, shorted employees on their time-worked, minimum wages and compensation. *See* 7 Colo. Code Regs. § 1103-1-5.2.4 ("When an employee is not authorized and permitted a required 10-minute rest

3

period, his or her shift is effectively extended by 10 minutes without compensation."); *Lozoya v. AllPhase Landscaping Construction, Inc.*, 2015 WL 1757080, at *2 (D. Colo. April 15, 2015). These wages were earned by Defendant's employees, were vested when they were completed work without receiving all required pay and are determinable within the meaning of the Wage Claim Act.

## CLASS ACTION ALLEGATIONS

14. This is a C.R.C.P. 23 class action on behalf of Plaintiff and a Class for which Plaintiff seeks certification. Pending any modifications necessitated by discovery, Plaintiff defines the class as follows:

> **All citizens of Colorado who worked as hourly employees for Defendant in Colorado within the statute of limitations.**

15. This action is properly brought as a class action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable. One information and belief, there are estimated to be thousands of current and former employees in the Class.

   b. Numerous questions of law and fact regarding the liability of Defendant are common to the Class and predominate over any individual issues which may exist, including:

      i. Whether Defendant violated the Wage Claim and Minimum Wage Acts by failing to provide meal breaks and failing to compensate Plaintiff and Class Members for missed, recorded thirty-minute meal breaks;

      ii. Whether Defendant violated the Wage Claim and Minimum Wage Acts by failing to provide rest breaks and failing to compensate Plaintiff and Class Members for missed rest breaks;

      iii. Whether Defendant's violations of Colorado wage and hour laws were willful;

      iv. Whether Defendant violated the Wage Claim and Minimum Wage Acts by failing to pay Plaintiff and Class Members for overtime wages at the rate of 1.5 times their regular rate of pay for all hours worked over 12 per shift or over 40 per week, inclusive of hours worked when working through their missed, recorded thirty-minute meal breaks and missed rest breaks;

4

      v. Plaintiff anticipates that Defendant's defenses will also raise common questions of law and fact; and

      vi. The nature and extent of class-wide damages and the measure of damages for the Class.

    c. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can easily be calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

    d. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from Defendant's employee records and/or payroll records.

    e. Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Plaintiff is committed to this action and has no conflicts of interest with the Class Members. Furthermore, Plaintiff is represented by experienced class action counsel.

    f. Questions of fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## **FIRST CLAIM FOR RELIEF**

**(Violation of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*)**

16. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

17. At all material times, Defendant has been an "employer" within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

18. At all material times, Defendant employed "employees" including Plaintiff and Class Members, within the meaning of the Colorado Wage Claim Act, C.R.S. §§ 8-4-101, *et seq.*

19. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due thereby violating, and continuing to violate, the Wage Claim Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

20. As a result, Plaintiff and Class Members have been damaged in an amount to be determined at trial and are entitled to attorneys' fees. Plaintiff hereby demands payment on behalf of Plaintiff and Class Members in an amount equal to all earned but unpaid straight time and overtime compensation. This demand for payment is continuing and is made on behalf of any current employees of Defendant whose employment terminates at any time in the future. Such payment should be made in care of undersigned counsel at the listed address.

## SECOND CLAIM FOR RELIEF

**(Violation of the Colorado Minimum Wage Act, C.R.S. §§ 8-6-101, *et seq.*)**

21. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

22. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

23. At all material times, Defendant employed and continues to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

24. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

25. As a result of the foregoing conduct, as alleged, Defendant has violated, and continues to violate, the Minimum Wage Act. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

26. As a result, Plaintiff and Class Members are entitled to damages and attorneys' fees to be determined at trial.

## THIRD CLAIM FOR RELIEF

**(Civil Theft, C.R.S. § 18-4-405)**

27. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

28. At all material times, Defendant has been an "employer" within the meaning of the Colorado Minimum Wage Act.

29. At all material times, Defendant employed, and continues to employ, "employees," including Plaintiff and Class Members, within the meaning of the Colorado Minimum Wage Act.

30. Plaintiff and Class Members were employees of Defendant within the meaning of the Colorado Minimum Wage Act.

31.     Defendant's failure to pay minimum wage under the Minimum Wage Act constitutes theft pursuant to C.R.S. § 18-4-401. *See* C.R.S. § 8-6-116.

32.     As a result, Defendant's failure to pay minimum wage constitutes civil theft pursuant to C.R.S. § 18-4-405.

33.     Plaintiff and Class Members are entitled to treble damages and attorneys' fees to be determined at trial.

## JURY DEMAND

34.     Plaintiff demands a trial by jury to all issues so triable.

## DOCUMENT PRESERVATION

35.     As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

1.      Determining that the action is properly maintained as a class action, certifying the Class as defined above, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

2.      Ordering prompt notice of this litigation to all potential Class Members;

3.      Awarding Plaintiff and Class Members their compensatory damages, attorneys' fees and litigation expenses as provided by law;

4.      Awarding Plaintiff and Class Members their pre-judgment, post-judgment and moratory interest as provided by law;

5.      Awarding Plaintiff and Class Members statutory penalties as provided by law; and

6.      Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

Respectfully submitted this August 11, 2025

*s/Brian Denlinger*

_____

Brian Denlinger

*s/Alexander Hood*

_____

Alexander Hood

*Counsel for Plaintiff*

8

**DOCUMENT PRESERVATION INSTRUCTIONS**

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

"When a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id*. at Standard 29.

Various kinds of electronic and documentary data will be important in this lawsuit. The information Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains data relating to the hours of work, meal breaks, rest breaks, and pay of Plaintiff and Class Members;
- Emails and other electronic and hard-copy documents pertaining to Defendant's meal break, rest break, timekeeping, and compensation policies;
- Emails and other electronic and hard-copy documents pertaining to Defendant's reliance on department of labor authority when promulgating any meal break, rest break, timekeeping, or compensation policy;
- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;
- Emails and other electronic and hard-copy documents pertaining to job duties and pay of Defendant's employees, including Plaintiff;
- Emails sent and received by Plaintiff, Class Members, and their managers/supervisors;
- Emails and other electronic or hard-copy documents pertaining to Defendant's compliance with the Colorado Wage Claim Act and the Colorado Minimum Wage Act; and
- Emails and other electronic or hard-copy documents pertaining to Plaintiff and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendant perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendant perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendant take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.